IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| URANIUM WATCH, CENTER FOR WATER ADVOCACY, and LIVING RIVERS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE; PAMELA BROWN, in her official capacity as Forest Supervisor of the Manti-La Sal National Forest,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ALLOWING INTERVENTION OF DENISON MINES (USA) CORP<br><br>Case No. 2:10CV721DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Denison Mines (USA) Corp's Motion to Intervene and Amended Motion to Intervene. The court does not believe a hearing would significantly aid in the determination of this issue. The court has carefully reviewed the parties' memoranda and the facts and law relevant to the motion. Now being fully advised, the court enters the following Order.

**DISCUSSION**

Denison seeks intervention as of right in order to represent its interests that may be affected by this case. Rule 24 of the Federal Rules of Civil Procedure provides for intervention as of right "when the applicant claims an interest relating to the property or transaction which is

the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2).

The parties agree that Denison is entitled to intervention as of right under *Wildearth Guardian v. United States Forest Service*, 573 F.3d 992 (10th Cir. 2009). The only issue is whether the court should place restrictions or limitations on Denison's participation in the case. Plaintiffs request that the court limit Denison's briefing and argument to only those points on which the Forest Service does not adequately represent Denison's interests. Denison opposes those limitations and submits that it will be mindful of the court's time and resources and will attempt to prevent duplicative or redundant briefing.

The court concludes that Denison shall intervene as of right, with limited restrictions only as to oral argument. The court finds no basis for restricting Denison's written submissions. If Plaintiffs need additional time in responding to the submissions, the court will allow reasonable accommodations. At oral argument on motions, however, the court will allow Plaintiffs the same time as the Forest Service and Denison combined. Therefore, at oral argument, Denison shall touch on only those points the Forest Service does not or provide separate emphasis. There is no reason for giving Denison and the Forest Service each time that is equal to that provided to all of the Plaintiffs combined. This is the only limitation the court finds necessary.

## CONCLUSION

For the foregoing reasons, Denison's Motion to Intervene and Amended Motion to Intervene [Docket Nos. 11 and 22] are GRANTED.

DATED this 30th day of August, 2010.

_____
DALE A. KIMBALL
United States District Judge